# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3090 | **DATE** | 9/26/2000 |
| **CASE TITLE** | Bratislav M. Radivojevic vs. Granville Terrace Mutual, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☑ Status hearing set for 10/17/2000 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ☑ [Other docket entry] Enter memorandum opinion and order. Defendants' motion to dismiss plaintiff's claim under 42 U.S.C. 3601-31 is granted.

(11) ☑ [For further detail see order attached to the original minute order.]

| | | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 7 2000 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 9/26/2000 | |
| | Copy to judge/magistrate judge. | 00 SEP 26 PM 4: 49 | date mailed notice | |
| IS | courtroom deputy's initials | | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRATISLAV M. RADIVOJEVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 00 C 3090 |
| v. | ) | |
| | ) | Magistrate Judge |
| THE GRANVILLE TERRACE MUTUAL | ) | Martin C. Ashman |
| OWNERSHIP TRUST, and LORETTA C. | ) | |
| CORFMAN, CHAIRPERSON of the | ) | |
| GRANVILLE TERRACE MUTUAL | ) | |
| OWNERSHIP TRUST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
SEP 27 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bratislav Radivojevic, filed a complaint against
Defendants, the Granville Terrace Mutual Ownership Trust
("Granville Trust") and Loretta Corfman, Chairperson of the
Granville Trust, claiming that Defendants discriminated against
Plaintiff in violation of 42 U.S.C. §§ 1981-83, 3601-31, the
Fourteenth Amendment of the United States Constitution, and an
array of other statutes and provisions of the United States and
Illinois Constitutions. Presently before this Court is
Defendants' motion to dismiss Plaintiff's claim under 42 U.S.C.
§§ 3601-31 in accordance with Rule 12(b)(6) of the Federal Rules
of Civil Procedure. For the reasons that follow, this Court
grants Defendants' motion to dismiss.[1]

---

[1] The parties have consented to have this Court conduct any
and all proceedings, including entry of final judgment. *See* 28
U.S.C. § 636(c); LOCAL R. 73.1(b).

# I. Background

Plaintiff sought to purchase shares of a cooperative apartment building located in Chicago, Illinois. Defendant Granville Trust held the shares of the cooperative apartment building. William J. McKillip, who owned shares of Defendant Granville Trust, wanted to sell his shares to Plaintiff.

Plaintiff desired to purchase McKillip's shares so that Plaintiff could reside in an apartment located on the ground level of the apartment building. Plaintiff suffered from a physical disability that made it difficult for him to climb stairs. Plaintiff believed that McKillip and Defendant Granville Trust were aware of Plaintiff's condition.

On February 25, 1997, McKillip and Plaintiff and Plaintiff's daughter entered into a Contract for Sale of Shares of Cooperative Apartment. The contract would have entitled Plaintiff and Plaintiff's daughter to lease a certain apartment located on the ground level. In exchange, the contract required Plaintiff and Plaintiff's daughter to pay $1,000.00 to McKillip upon execution of the agreement and $16,500.00 to McKillip at the time of closing. In accordance with the contract, Plaintiff and Plaintiff's daughter paid McKillip $1,000.00 on February 25, 1997, and planned to pay the remaining $16,500.00 on the closing date.

The sale of the shares, however, was expressly made subject to the granting of written consent by Defendant Granville Trust. The contract stated that if McKillip was unable to procure the

written consent of Defendant Granville Trust, then the down payment received by McKillip from Plaintiff and Plaintiff's daughter would be returned and the contract would cease and terminate without further liability on any party. On May 14, 1997, pursuant to this provision, Defendant Loretta Corfman, Chairperson of Defendant Granville Trust, notified Plaintiff's daughter that Plaintiff and Plaintiff's daughter did not meet the Board of Trustees' minimum financial criteria and therefore the Contract for Sale of Shares was terminated. Despite Plaintiff's repeated requests to reconsider the decision, Defendant Granville Trust refused to grant its consent to the contract between McKillip and Plaintiff and Plaintiff's daughter.

Consequently, Plaintiff filed a complaint with the City of Chicago Commission on Human Relations on September 24, 1997, alleging discrimination in violation of the Chicago Fair Housing Ordinance. Then, on May 1, 1998, Plaintiff filed another complaint with the Illinois Department of Human Rights alleging discrimination in violation of his civil rights.

On May 6, 1998, the City of Chicago informed Plaintiff that there was no substantial evidence of a violation of the Chicago Fair Housing Ordinance. And on September 29, 1998, the State of Illinois dismissed Plaintiff's case for failure to proceed.[2] Both the City of Chicago and the State of Illinois denied

---

[2] The Illinois Department of Human Rights held a fact finding conference on September 10, 1998. Plaintiff failed to attend the conference and did not provide a satisfactory explanation for missing the conference. Consequently, Plaintiff's case was dismissed.

Plaintiff's requests for review of their respective decisions. This suit followed.

## II.  Discussion

### A.  Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) is to evaluate the sufficiency of the complaint in stating a claim upon which relief can be granted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the court presumes that the well-pleaded allegations of the complaint are true and draws all reasonable inferences in favor of the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). In sum, we must determine, as a matter of law, whether the plaintiff is entitled to any legal relief if everything alleged in the complaint is true.

In cases where the plaintiff appears *pro se*, the court takes into account additional considerations when deciding a motion to dismiss. A *pro se* plaintiff's pleadings are construed more liberally, and the court will find that the plaintiff's complaint

states a valid claim for relief despite the plaintiff's failure to cite proper legal authority or plaintiff's unfamiliarity with pleading requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the *pro se* plaintiff still must allege sufficient facts on which a recognized legal claim could be based. *See Young v. Breeding*, 929 F. Supp. 1103, 1106 (N.D. Ill. 1996). The court is not required to accept inferences drawn by the *pro se* plaintiff if such inferences are unsupported by facts set forth in the complaint, nor is it required to accept legal conclusions cast in the form of factual allegations. *See Henthorn v. Department of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "[I]t is [not] the proper function of the [court] to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. Thus, while we are required to liberally construe a *pro se* plaintiff's complaint, we will not construct legal arguments or develop legal theories for the plaintiff in the absence of any discussion by the plaintiff on those issues.

## B.  Plaintiff's Claim Under the Fair Housing Act

Defendants assert that Plaintiff's claim under the Fair Housing Act is barred due to the statute of limitations set forth in 42 U.S.C. § 3613(a)(1)(A). Plaintiff has not addressed this issue, but continues to claim that he is entitled to relief under

the Fair Housing Act. This Court finds that Plaintiff's claim under the Fair Housing Act, 42 U.S.C. §§ 3601-31, is barred by the applicable statute of limitations and therefore grants Defendants' motion to dismiss.

The Fair Housing Act prohibits discrimination in the sale of housing against the buyer on account of a handicap. 42 U.S.C. § 3604(f)(1). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). In addition to enforcement by the Secretary of Housing and Urban Development, the Fair Housing Act also provides for enforcement by private persons. *See* 42 U.S.C. §§ 3612-13.

Actions by private persons must be commenced in federal court "not later than two years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under [the Fair Housing Act], whichever occurs last." 42 U.S.C. § 3613(a)(1)(A). The computation of the two-year period, however, does not include any time during which an administrative proceeding based on such discriminatory practice under the Fair Housing Act is pending. *See id.* § 3613(a)(1)(B). An administrative proceeding under the Fair Housing Act may result from a plaintiff filing a complaint with a U.S. Housing and Urban Development ("HUD") office, or from a plaintiff filing with a state or local "certified" agency that

has entered into a written agreement with HUD permitting dual-filing.[3]  *See* 42 U.S.C. §§ 3610(f), 3616.

Defendants have clearly laid out the pertinent facts that require us to grant Defendants' motion to dismiss.  McKillip and Plaintiff and Plaintiff's daughter entered into the Contract for Sale of Shares on February 25, 1997.  Defendants denied Plaintiff's request for written consent of the sale on May 14, 1997.  Defendants contend that Plaintiff and Plaintiff's daughter were denied written consent due to their financial situation, while Plaintiff asserts that Defendants denied Plaintiff and Plaintiff's daughter because of Plaintiff's disability.  This denial, therefore, serves as the alleged discriminatory housing practice committed by Defendants against Plaintiff.  On May 19, 2000, Plaintiff filed the instant case based on this denial.  In light of these facts, the two-year statute of limitations has run and Plaintiff's claim under the Fair Housing Act is barred.

Section 3613(a)(1)(B) appears to be of no use to Plaintiff under these facts.  Although administrative proceedings were taking place at the state and local level between May 14, 1997 --

_____

[3]  A state or local agency becomes a "certified agency" if the HUD Secretary determines that the state or local agency protects substantive rights, follows procedures, provides remedies, and provides for a method of judicial review substantially equivalent to such standards set forth in the Fair Housing Act.  *See* 42 U.S.C. § 3610(f)(3)(A).  A certified agency may enter into a contractual relationship with HUD whereby filing with the certified agency constitutes filing with HUD.  *See id.* § 3610(f).  Such dual-filing arrangements and any other cooperative agreements between HUD and certified state or local agencies are published in the Federal Register.  *See* 42 U.S.C. § 3616.

the date of Defendants' denial -- and May 19, 2000 -- the date Plaintiff filed the instant case -- nothing before us indicates that these proceedings should remove the statutory time bar. Plaintiff's rambling allegations, conclusions, and opinions, which are contained in his response to Defendants' motion to dismiss, certainly fail to address this issue in any way.

Furthermore, the Federal Register does not list either the City of Chicago Department of Human Relations or the Illinois Department of Human Rights as a "certified agency" under the Fair Housing Act. *See* 42 U.S.C. §§ 3610(f), 3616. In fact, a 1996 HUD notice states that HUD denied the Illinois Department of Human Rights an interim certification because of certain deficiencies.[4] The Federal Register also does not list any contractual agreements entered into between HUD and either the City of Chicago Department of Human Relations or the Illinois Department of Human Rights that would enable the City of Chicago or the State of Illinois to investigate and process discriminatory housing complaints on behalf of HUD. Thus, this case does not present us with a situation where a state or local agency has entered into a contractual relationship with HUD whereby filing with the state or local agency constitutes filing

---

[4] The notice states that HUD denied the Illinois Department of Human Rights an interim certification because the agency failed to protect sufficient rights for and provide sufficient remedies to victims of discriminatory housing practices. *See* Notices, Department of Housing and Urban Development, 61 Fed. Reg. 53,380 (1996).

with HUD.  *See United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008 (7th Cir. 1994).[5]

We recognize that dismissal is a harsh result, but Plaintiff has failed to set forth any facts to show why his claim under the Fair Housing Act should survive Defendants' motion to dismiss. Plaintiff submitted a response brief that merely detailed the adverse treatment he so pointedly described in his complaint. Plaintiff then failed to attend oral argument on this issue.  It is not enough to rely on allegations of adverse treatment to withstand a challenge that the applicable statute of limitations has run.  Therefore, this Court grants Defendants' motion to dismiss Plaintiff's claim under the Fair Housing Act.  All other claims remain.

---

[5]  In *United Farm Bureau Mutual Insurance Co. v. Metropolitan Human Relations Commission*, HUD determined that the Metropolitan Human Relations Commission ("Metro"), a local civil rights agency, was a "certified agency" under the Fair Housing Act.  This allowed Metro to enter into a contractual relationship with HUD, which permitted the local agency to process and investigate complaints made pursuant to the Fair Housing Act. *See United Farm Bureau*, 24 F.3d at 1010-11.  As a result of this contractual relationship, a plaintiff could file a complaint with Metro under both the local ordinance and Fair Housing Act without filing a separate complaint with HUD.  *See id.* at 1011.  Hence, filing with the local agency resulted in an "automatic" filing with HUD.  A dual-filing system such as this, if present in this case, may have removed the statutory time bar that serves as the basis for Defendants' attack.

### III.  Conclusion

For the foregoing reasons, this Court grants Defendants'
motion to dismiss Plaintiff's claim under 42 U.S.C. §§ 3601-31.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:**   September 26, 2000.

Copies have been mailed to:

BRATISLAV M. RADIVOJEVIC
6124 North Damen Avenue
Chicago, IL  60659

BARRY E. MORGEN, Esq.
Morgen & Perl
7101 North Cicero
Suite 100
Lincolnwood, IL  60712

*Pro Se* Plaintiff

Attorney for Defendants