

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3090 | **DATE** | 1/30/2001 |
| **CASE TITLE** | Bratislav M. Radivojevic vs. The Granville Terrace Mutual, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendants' motion to dismiss [20-1] is granted. Plaintiff's claim under 1988(b) for attorney's fees is dismissed because plaintiff is not the prevailing party.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 3 1 2001 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/30/2001 | |
| | | | date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRATISLAV M. RADIVOJEVIC, Plaintiff, v. THE GRANVILLE TERRACE MUTUAL OWNERSHIP TRUST, and LORETTA C. CORFMAN, CHAIRPERSON of the GRANVILLE TERRACE MUTUAL OWNERSHIP TRUST, et al., Defendants. | Case No. 00 C 3090 Magistrate Judge Martin C. Ashman DOCKETED JAN 3 1 2001 |

## MEMORANDUM OPINION AND ORDER

Defendants, the Granville Terrace Mutual Ownership Trust ("Granville Trust") and Loretta Corfman, Chairperson of the Granville Trust, move to bring this litigation to a close pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 27, 2000, this Court dismissed Plaintiff Radivojevic's claim under 42 U.S.C. §§ 3601-31, the Fair Housing Act, because the statute of limitations had run. For the reasons that follow, the remaining claims against Defendants are also dismissed.[1]

### I. Background

As discussed more fully in *Radivojevic v. Granville Terrace Mutual Ownership Trust*, No. 00 C 3090, 2000 WL 1433999 (N.D. Ill.

---

[1] The parties have consented to have this Court conduct any and all proceedings, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

Sept. 27, 2000), this case involves the purchase of shares of Defendant Granville Trust, a cooperative apartment building, located in Chicago, Illinois. On February 25, 1997, Plaintiff, Plaintiff's daughter, and McKillip, an owner of shares of Defendant Granville Trust, entered into a Contract for Sale of Shares of Cooperative Apartment. The sale, however, was subject to approval by Defendant Granville Trust.

As it turns out, on May 14, 1997, Defendant Corfman informed Plaintiff that Defendant Granville Trust would not approve the sale. Defendant Corfman claimed that the decision was based on Plaintiff's financial situation. Plaintiff, on the other hand, believed that Defendants rejected the sale because Plaintiff suffered from a disability. Several proceedings, including this one, ensued.

## II. Discussion

### A. Standard of Review

This Court, once again, tests Plaintiff's complaint under Rule 12(b)(6). The purpose of Rule 12(b)(6) is to evaluate the sufficiency of the complaint in stating a claim upon which relief can be granted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)). In ruling on a motion to dismiss, the court presumes that the well-pleaded allegations of the complaint are true and draws all reasonable inferences in favor of the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).

While federal notice pleading permits a generous reading of the complaint to withstand a motion to dismiss, the complaint must at least set forth sufficient facts to "'outline or adumbrate'" the basis of the claim. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996). The plaintiff "will not be allowed to evade this requirement by attaching a bare legal conclusion to the facts that he narrates." *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984).

Lastly, this Court is mindful of the additional considerations that apply in cases such as this -- where the plaintiff appears *pro se*. A *pro se* plaintiff's pleadings are construed more liberally, and the court should find that the *pro se* plaintiff's complaint states a valid claim for relief despite the plaintiff's failure to cite proper legal authority or the plaintiff's unfamiliarity with pleading requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the *pro se* plaintiff must allege sufficient facts on which a recognized legal claim could be based. *See Young v. Breeding*,

929 F. Supp. 1103, 1106 (N.D. Ill. 1996). The court will not "assume the role of advocate for the pro se [plaintiff]." *Hall*, 935 F.2d at 1110.

### B. Fourteenth Amendment

This Court's analysis begins with Plaintiff's assertion that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by not consenting to the sale of shares. To bring a claim under the Equal Protection Clause, the plaintiff must present evidence of "state action," rather than purely private action. *See Gilmore v. City of Montgomery*, 417 U.S. 556, 565 (1974); *Sherman v. Cmty. Consol. Sch. Dist. 21*, 8 F.3d 1160, 1167-69 (7th Cir. 1993). State action is action that may be "fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). This, of course, includes actions taken by a state's executive, legislative, judicial, and administrative offices. *See, e.g., Hernandez v. Texas*, 347 U.S. 475, 477 (1954). Additionally, this includes actions taken by private parties, but only where the action derives "from the exercise of a right or privilege having its source in state authority" and where the private party engaging in the action can be "described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991). In making this determination, the court considers "the

extent to which the actor relies on governmental assistance and
benefits," "whether the actor is performing a traditional
governmental function," and "whether the injury caused is
aggravated in a unique way by the incidents of governmental
authority." *Id.* at 621-22.

Plaintiff's complaint and response memorandum are wholly
devoid of any allegations demonstrating the existence of state
action. Nothing shows that Defendants' rejection of the sales
contract derived "from the exercise of a right or privilege
having its source in state authority" or that Defendants can be
"described in all fairness as state actors." Instead, the
complaint only adumbrates the existence of a purely private
dispute, involving purely private actors. Under these
circumstances, the Equal Protection Clause of the Fourteenth
Amendment cannot provide a basis for any cause of action by
Plaintiff.

C.  **Claims Under §§ 1981-82**

Plaintiff also has not set forth sufficient facts to outline
the basis of a claim under either § 1981 or § 1982. Congress
enacted 42 U.S.C. §§ 1981-82 to provide for equality between
persons of different races. *See Schroeder v. Illinois*, 354 F.2d
561, 562 (7th Cir. 1965); *Agnew v. City of Compton*, 239 F.2d 226,
230 (9th Cir. 1956). Accordingly, to establish a claim under
§ 1981, a plaintiff must allege that he is a member of a racial

minority, that the defendant intentionally discriminated against the plaintiff on the basis of race, and that the discrimination related to the activities enumerated in the statute.² *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). And, to establish a claim under § 1982, a plaintiff must demonstrate that the defendant intentionally discriminated against the plaintiff on the basis of race in the sale or rental of property. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 421-22 (1968); *Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989).

This case, however, involves an allegation of disability discrimination not racial discrimination. Nowhere in the documents filed with this Court does Plaintiff ever present a single allegation of racial discrimination. (*See* Pl.'s V. Compl. at 1-2, 4, 7-8, 12-14; Pl.'s Resp. Defs.' Mot. Dismiss at 6, 8, 10, 12.) In fact, Plaintiff never even mentions the word "race." *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (suggesting that "'I was turned down for a job because of my race'" is all a Title VII plaintiff has to say to withstand an attack pursuant to Rule 12(b)(6)). Hence, the protection that §§ 1981-82 afford is not the protection sought here. Plaintiff's claims under §§ 1981-82 are dismissed.

---

² Such activities include making and enforcing contracts, suing, giving evidence in court, etc. *See* 42 U.S.C. § 1981(a).

D.  Section 1983

The basis for dismissing Plaintiff's Fourteenth Amendment claim equally applies to Plaintiff's § 1983 claim. Section 1983 deters state actors from abusing their power and depriving others of their civil rights under color of state law. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 258 (1981). "Under color of state law" means pretense of law; it involves a "misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with . . . [state] authority." *Atkins v. Lanning*, 415 F. Supp. 186, 188 (N.D. Okla. 1976). Thus, "purely private action . . . discriminatory or not, is not prohibited by Section 1983." *Bailey v. Boilermakers Local 667*, 480 F. Supp. 274, 279 (N.D. W. Va. 1979).

As mentioned above, the pleadings indicate that this case involves a purely private dispute between two purely private actors. Any power that the Defendants possessed derived from status as owner of private property or as elected board member of a private entity. Neither fact can provide a basis for Plaintiff's action under § 1983.


E.  Section 1985(3)

Plaintiff's § 1985(3) claim is wanting as well. Section 1985(3) creates a cause of action against persons who conspire to deprive classes of persons of their federally protected rights. *See Cohen v. Ill. Inst. of Tech.*, 524 F.2d 818, 827-29 (7th Cir.

- 7 -

1975). The statute itself creates no substantive rights. Thus, for purposes of a Rule 12(b)(6) motion, the court must look at both § 1985(3) and the federally protected right underlying the § 1985(3) claim to see if a possible § 1985(3) claim exists. *See Cohen*, 524 F.2d at 827-29. For instance, where the Fourteenth Amendment provides the basis of a § 1985(3) claim, a showing of state action is required. *See id.* at 828. But where the Thirteenth Amendment or the right to travel, for example, serves as the basis of a § 1985(3) claim, no such showing of state action is required. *See id.*

The elements of the § 1985(3) claim itself are as follows: a conspiracy; an intent to deprive an individual, or class of individuals, of the equal protection of the laws; an act in furtherance of the conspiracy; and an injury or deprivation of a right. *See Trautvetter v. Quick*, 916 F.2d 1140, 1153 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 591 (7th Cir. 1989)). In *Griffin v. Breckenridge*, the Supreme Court held that "racial, or perhaps [some other] class-based invidiously discriminatory animus" must serve as the basis of the conspirators' actions. 403 U.S. 88, 102 (1971). Besides race, classes recognized as supporting a § 1985(3) claim include those based on ethnic origin, sex, religion, and political loyalty. *See D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985); *Askew v. Bloemker*, 548 F.2d 673, 678 (7th

Cir. 1976); *Murphy v. Mt. Carmel High Sch.*, 543 F.2d 1189, 1192 n.1 (7th Cir. 1976). To the contrary, the Seventh Circuit held that disabled persons do not constitute such a protected class. *See D'Amato*, 760 F.2d at 1485-87. *But see Trautz v. Weisman*, 819 F. Supp. 282, 290-95 (S.D.N.Y. 1993) (finding that a class of disabled persons may be protected under § 1985(3)).

Here, a careful review of Plaintiff's complaint only reveals a possible § 1985(3) claim based on the Fourteenth Amendment for disability discrimination. As explained above, this means that Plaintiff would need to allege state action. Plaintiff, however, has not alleged any state action. *See supra* Pts. B & D. Thus, the § 1985(3) claim must be dismissed.

Additionally, Plaintiff's § 1985(3) claim must also be dismissed because disabled persons are not a protected class under § 1985(3). *See D'Amato*, 760 F.2d at 1485-87. Furthermore, even assuming that disabled persons could constitute a protected class for purposes of § 1985(3), and that Plaintiff alleged state action, Plaintiff's claim would still be dismissed because he has failed to adumbrate any facts showing that Defendants discriminated against disabled persons other than him. (*See* Pl.'s V. Compl. at 2, 7, 12, 13-14.) After all, § 1985(3) requires class-based discrimination. *See Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 748 (10th Cir. 1980) ("To state a cause of action under section 1985(3) the law requires prejudice against a class qua class."); *Maidman v. Regent House Tenants Corp.*, No. 84

Civ. 6252 (RWS), 1984 WL 1307, at *3 (S.D.N.Y. Dec. 5, 1984) (dismissing § 1985(3) claim because plaintiff "failed to present any evidence of a discriminatory animus on the part of [defendant] directed towards the aged or senile other than the action directed [at] her").

## F. Americans With Disabilities Act

Finally, Plaintiff's claim under the Americans with Disabilities Act must be dismissed. The ADA prohibits discrimination against disabled persons by persons who own or operate places of public accommodation.[3] See 42 U.S.C. § 12182(a). A place of public accommodation includes an inn, hotel, motel, or "other place of lodging." Id. § 12181(7)(A).

"[O]ther place of lodging" is not defined in the statute, but the legislative history of the ADA clarifies that "other place of lodging" does not include any residential facility. See H.R. Rep. No. 101-485(II), at 100 (1990).[4] That being said,

---

[3] Although Plaintiff never alleges that Defendants' cooperative apartment is a place of public accommodation, this appears to be the only basis of ADA coverage.

[4] As stated in the House Report:

Only nonresidential facilities are covered by this title. For example, in a large hotel that has a residential apartment wing, the residential wing would be covered under the Fair Housing Act, rather than by this title. The nonresidential accommodations in the rest of the hotel would be covered by this title.

(continued...)

apartments and condominiums are not places of public accommodation. *See Hanks v. Tilley*, No. 1:98CV00789, 1999 WL 1068484, at *2 (M.D.N.C. Feb. 2, 1999); *Indep. Hous. Servs. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 & n.14 (N.D. Cal. 1993). And the cooperative apartment in issue, just like the residences in *Hanks* and *Fillmore*, is not a place of public accommodation. Consequently, Plaintiff has no claim under the ADA.

### III. Conclusion

Since May 1997, Plaintiff's pursuit of shares of Defendant Granville Trust has taken a number of disappointing turns, both in and out of court. Certainly, Plaintiff's hodgepodge complaint brings to light the intense frustration that Plaintiff has experienced because of these events. Nonetheless, even after investing much time to parse through Plaintiff's complaint, we are convinced that Plaintiff has failed to outline any facts to show that he is entitled to relief under the Equal Protection Clause of the Fourteenth Amendment or any of the statutes cited herein.

---

[4](...continued)

H.R. Rep. No. 101-485(II), at 100.

Thus, for the reasons stated, this Court grants Defendants' motion to dismiss. Plaintiff's claim under § 1988(b) for attorney's fees is dismissed because Plaintiff is not the prevailing party.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** January 30, 2001.

Copies have been mailed to:

| | |
|---|---|
| BRATISLAV M. RADIVOJEVIC<br>6124 North Damen Avenue<br>Chicago, IL 60659 | BARRY E. MORGEN, Esq.<br>Morgen & Perl<br>7101 North Cicero<br>Suite 100<br>Lincolnwood, IL 60712 |
| *Pro Se* Plaintiff | Attorney for Defendants |